[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on October 30, 1977 at Stratford, Connecticut. Both parties have resided in this State since that time. There are two minor children issue of the marriage: David Donofrio, born December 10, 1979 and Emily Donofrio, born June 16, 1981.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth on §§ 46b-56, 46b-81, 46b-82 and46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 18 years. The plaintiff is in good health and is 39 years of age. Throughout most of the marriage the plaintiff assumed the role of homemaker, caring for her husband and their two minor children. The plaintiff was unhappy in the marriage and vacated the home in March of 1994. The plaintiff has no specific skills. She is presently working in a retail store earning a gross of $299. per week and a net of $228. CT Page 9304 per week.
The defendant is 39 years of age and in good health. The defendant is a part owner of Audiocom inc. having a 33 1/3% equity interest. The company sells audio and video equipment and specializes in custom installations.
In 1993 the company had gross sales of approximately $1,507,508. and in 1994 the company had gross sales of $1,154,931. Tax returns filed in prior years indicated gross sales in excess of one million dollars. The defendant's compensation is approximately $92,820. per year. In addition the defendant receives additional sums for expenses in the amount of approximately $5000. to $6000. per year.
The parties always had new cars which were in the company's name with the Insurance paid by the company. The parties had a comfortable lifestyle throughout the marriage.
After the plaintiff filed for a legal separation in 1992, the defendant took over the handling of the finances and effectively cut off the plaintiff from any funds. During the course of this dissolution he has discussed this case with the minor children aged 15 and 14, thereby alienating the children's relationship with their mother.
Although the defendant admitted he was at least $750. in arrears in alimony pendente lite payments to the plaintiff, he has not paid this sum to his wife although he shows $3358. in his bank account. The plaintiff has not received an alimony payment in two weeks although the defendant continues to draw his salary. The defendant has attempted to control the plaintiff through the purse strings.
The parties stipulated to the value of the marital home being $185,000. The outstanding mortgage is approximately $170,000.
An independent expert appraiser of the defendant's business testified the defendant's interest in his corporation had a value of $36,000. The defendant testified that the value of his interest in the business was $8000. The Court finds the defendant's interest in his business to have a value of $36,000.
The defendant also has a train collection, valued in the earlier financial affidavits at $7500. The current affidavit values CT Page 9305 the train collection at $1800. The defendant gave no credible reason for the decrease in value.
Although the defendant has had money to do some remodeling and cosmetic work in the marital home, as well as purchase some items of new furniture, he has failed to keep current the modest court ordered award of alimony pendente lite. By a filing a separate tax return for 1994, the defendant realized a tax refund in excess of $5000. The plaintiff, on the other hand, will owe taxes when she files her 1994 tax return.
The two children have continued to reside in the marital home with the defendant. Both parties agreed the minor children should continue to reside in the marital home with the defendant father.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship. The following orders shall enter:
ARREARAGE
1. The Court finds the pendente lite arrearage to be $1360. as of August 22, 1995. Said arrearage shall be paid by the defendant within one week of date.
CUSTODY
1. There shall be joint legal custody of the minor children with physical custody to be with the defendant father. The parties shall confer and consult on all major matters relating to the health, education and welfare of the minor children.
2. The defendant shall give the plaintiff sixty days notice in writing of his intent to remove the minor children from the State of Connecticut.
3. The plaintiff shall be entitled to receive and/or review medical and school records of the minor children.
VISITATION
1. The plaintiff shall have reasonable, liberal and flexible visitation with the minor children to include: CT Page 9306
 a) Every other weekend from Friday at 6:00 P.M. to Sunday at 6:00 P.M.;
 b) One week day evening from 6:00 P.M. to 9:30 P.M., Plaintiff's choice;
c) Mother's Day and Mother's Birthday;
d) One week during the School vacation;
 e) All the other holidays shall be shared as agreed upon by the parties.
ALIMONY
1. Commencing August 29, 1995 the defendant shall pay to the plaintiff as alimony the sum of $300. per week for a period of 10 years from date at which time the award of alimony shall be reduced to $1.00 a year.
2. Said alimony shall terminate on the death of the plaintiff, the death of the defendant or the remarriage of the plaintiff.
3. The Court is awarding periodic alimony for 10 years to give the plaintiff an opportunity to obtain some skills in the business world. The Court has considered the plaintiff's age, health and educational background in awarding alimony for 10 years, along with the other statutory criteria.
4. An immediate wage withholding is ordered.
5. In the event the payments of alimony are not timely made (within 5 days of the due date) a sanction of $50. shall be imposed for each late payment.
PROPERTY SETTLEMENT
1. The plaintiff is awarded a lump sum property settlement in the amount of $25,000. Said property settlement shall be paid as follows: the sum of $10,000. shall be paid within 30 days. The balance shall be paid within 3 months of date.
2. The lump sum property settlement shall be secured by a mortgage on the real estate located at 12 Snug Harbor Road, Milford, Connecticut. CT Page 9307
3. In the event the property settlement is not paid when due, the plaintiff shall be entitled to interest on the past due amount at the rate of 6%.
REAL ESTATE
1. The plaintiff shall quit claim her interest in the real estate located at 12 Snug Harbor Road, Milford, Connecticut to the defendant. The defendant shall be solely responsible for the mortgage and taxes on said property and shall hold the plaintiff harmless therefrom.
DEBTS
1. The defendant shall be responsible for the debts as listed in his Financial Affidavit and shall hold the plaintiff harmless therefrom.
2. The defendant shall be responsible for the Discovery Credit Card in the amount of $3423.73 and shall hold the plaintiff harmless.
3. The plaintiff shall be responsible for the remaining bills on her Financial Affidavit.
PERSONAL PROPERTY
1. The plaintiff is awarded the baby grand piano. Any repairs made to the piano shall be paid by the defendant.
2. The parties have agreed on a division of the remaining items of personal property.
3. The defendant is awarded the train collection and lawn equipment.
4. The plaintiff is awarded the print held by Attorney Moore (The Old Palm Print).
5. The plaintiff is awarded the lithograph print.
6. In the event there are any other items in dispute, the parties are referred to Family Relations for mediation and if unsuccessful, the parties shall return to court for a hearing and CT Page 9308 orders thereon.
EXPERT'S FEE
1. The defendant shall pay the sum of $2890. toward the expert's fee and the plaintiff shall pay the sum of $500. The Court believes that this would pay the expert in full. Said payment shall be made within 30 days of date.
CHILD SUPPORT
1. No order of child support is entered at this time in view of the minimal amount earned by the plaintiff. At such time as the plaintiff earns $21,000. or more from her employment, child support shall be paid by the plaintiff in accordance with the child support guidelines.
2. The defendant shall be entitled to review the plaintiff's W-2 Form each year by February 15th, until each minor child is emancipated by age or otherwise.
LIFE INSURANCE
1. The defendant shall name the plaintiff as beneficiary on his Life Insurance in the amount of $175,000. for so long as he has an obligation to pay alimony. This provision shall be modifiable.
2. The defendant shall also name the two minor children as beneficiaries on the remaining amount of his present life insurance policy.
MEDICAL COVERAGE
1. The defendant shall be responsible for providing medical insurance coverage for the benefit of the minor children.
OTHER PROPERTY
1. The defendant shall be entitled to his interest in the business known as Audiocom, Inc.
2. The defendant shall be entitled to the proceeds from the sale of the BMW motor vehicle.
TAX EXEMPTIONS
CT Page 9309
1. The defendant shall be entitled to claim the minor children as defendants for Income Tax purposes so long as they reside with the defendant.
2. This provision shall be modifiable.
CHANGE OF NAME
1. The plaintiff is granted a change of name to Catherine Doherty.
COUNSEL FEES
1. The plaintiff is awarded counsel fees in the amount of $3500. If the parties cannot agree on a payment plan they shall return to court for orders thereon.
COPPETO, J.